UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| ROBERT C. SPRAGUE AND C. ROBIN ZIEGLER, | : : : | CASE NO. 3:18-cv-01487-VLB |
| Plaintiff, | : : | |
| V. | : : | |
| SALISBURY BANK AND TRUST COMPANY, | : : : | SEPTEMBER 25, 2018 |
| Defendant. | : | |

**DEFENDANT SALISBURY BANK AND TRUST COMPANY'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6) and D. Conn. L. Civ. R. 7, Defendant Salisbury Bank and Trust Company ("Salisbury") respectfully submits this Memorandum of Law in support of its Motion to Dismiss and states as follows:

I.   **INTRODUCTION**

As set forth in greater detail below, the First Count of the Complaint purportedly alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), is time barred under the FDCPA's one-year statute of limitations period. As alleged in the Complaint, by no later than March 7, 2016, Plaintiffs had knowledge of the alleged erroneous reporting to the credit agencies, more than two years after commencement of this lawsuit.

To the extent that the First Count purports to allege a violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), as that Count actually references FCRA statutory violations as the basis for Plaintiffs' alleged harm, that

1

**claim fails because there is no private right of action for a violation of 15 U.S.C. § 1681s-2(a) of the FCRA.  Moreover, Plaintiffs' claims  violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110b *et seq*. ("CUTPA") (Count Two), Defamation (Count Three), and Infliction of Emotional Distress (Count Four) fail as a matter of law because they are predicated on the same conduct as Plaintiffs' FCRA claim, and, therefore, each of those claims is preempted by the FCRA.**

**Additionally, the claims for CUTPA (Count Two), Defamation (Count Three) and Infliction of Emotional Distress (Count Four) are legally deficient and fail to state a claim for which relief can be granted.**

**Lastly, the Complaint should be dismissed because Plaintiffs have not alleged a concrete injury, which is an integral element of Article III standing.**

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiffs Robert C. Sprague and C. Robin Zeigler ("Plaintiffs") commenced this action by Summons and Complaint dated August 17, 2018.  *See* Doc. No. 1 at ¶¶ 1-2.[1]  On September 4, 2018, Defendant removed this action from the State of Connecticut Superior Court in and for the Judicial District of Litchfield to the United States District Court for the District of Connecticut.  Doc. No. 1.

---

[1] *See also* http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=LLICV186019594S (last visited September 24, 2018) (State of Connecticut Superior Court Docket for lawsuit).

The Complaint contains four counts. The First Count is titled "Violation of the Fair Debt Collection Practices Act (15 USC § 1692), but actually alleges a violation of a violation of § 1681s-2 of the FCRA. See Doc. No. 1-1, Complaint ("Compl."), at ¶¶20-21; *see also id.* at prayer for relief (seeking relief under §§ 1681n and 1681o).

Plaintiffs allege that on April 29, 2004, they jointly purchased property at 169-171 Route 44 East Canaan Road, North Canaan, Connecticut (the "Property"). Compl. at ¶ 5.[2] Plaintiffs financed the Property through a mortgage from Defendant, and subsequently refinanced their mortgage with Defendant later in 2004. Compl. at ¶¶ 6-7. In 2011, Defendant initiated a foreclosure action against the Plaintiffs wherein the Connecticut Superior Court entered a Judgement in Strict Foreclosure in favor of the Defendant. Compl. at ¶¶ 8-10. As part of that proceeding, the Defendant and the Plaintiffs entered into an agreement to stipulate to a judgment ("Stipulation") of joint and several liability of Plaintiffs Sprague and Ziegler for $40,000. Compl. at ¶ 11. The Connecticut Superior Court granted the Stipulation on April 28, 2014. Compl. at ¶ 14.

Plaintiffs allege that on or about February 15, 2016, Plaintiff Sprague ordered a credit report (the "2016 Report"). Compl. at ¶ 15. Plaintiffs allege that from the 2016 Report, "Plaintiffs were surprised to learn that Defendant was still reporting to the credit agencies that the mortgage on the foreclosed [Property] was still open and payments had not been made in more than two years." Compl. at ¶ 16. Plaintiffs further allege that on March 7, 2016, Defendant sent

---

[2] Defendant restates certain of the allegations from Plaintiffs' Complaint and does not admit to any such facts for purposes of this Motion to Dismiss.

Plaintiffs a letter stating that Defendant had erroneously reported to the credit agencies that the mortgage loan remained open and delinquent. Compl. at ¶ 17. Plaintiffs allege that the Defendant did not correct the erroneous information until November 30, 2016. Compl. at ¶ 19. Plaintiffs allege that Defendant is a "furnisher of information to consumer reporting agencies" under § 1681s-2 of the FCRA and Defendant engaged in a behavior prohibited by § 1681s-2(a)(1(i) of the FCRA. Compl. at ¶¶ 20-21.

The Second Count contains a claim for violation of CUTPA, based on Plaintiffs' conduct set forth above and claim that Defendant's actions were unfair and deceptive, immoral, unethical, oppressive and unscrupulous, caused substantial injury to a consumer and constitute a violation of the policy of this state. Compl. at Count Two, ¶ 20.

The Third Count sounds in Defamation and, in addition to the allegations contained in Count One, is based on the claim that Defendant's reporting of information that it knew to be incorrect defamed Plaintiffs. Compl. at Count Three, ¶ 20.

The Fourth Count purports to set forth a claim for "Infliction of Emotional Distress," but does not distinguish between or identify negligent or intentional infliction of emotion distress. Compl. at Count Four. Plaintiffs allege that Defendant's reporting of information that it knew to be incorrect caused Plaintiffs' emotional distress. Compl. at Count Four, ¶ 20. Plaintiffs' emotional distress claims are based on the same conduct of Defendant that forms the bases for Plaintiffs' claim in Count One.

### III.     LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also* Fed. R. Civ. P. 8(a)(2) (requiring that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief").

A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  In other words, to state a plausible claim, a plaintiff's complaint must have "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim.  *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 556 (2007).  Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  *Id*. at 555, 557.

In determining whether the plaintiff has met this standard, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007); *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (citations omitted).

## IV.     ARGUMENT

### A. Count One Fails As A Matter of Law Because Plaintiffs' FDCPA Claim Is Time Barred Under 15 U.S.C. § 1692k(d)

The FDCPA has a one-year statute of limitations.  *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter … within one year from the date on which the violation occurs.").  Plaintiffs' FDCPA claim should be dismissed on statute of limitations grounds because Plaintiffs filed this action on August 17, 2018, more than one year from Defendant's letter to Plaintiffs "stating that Defendant had erroneously reported to the credit agencies that the mortgage loan remained, up to that moment, 'open' and delinquent."  Compl. at ¶ 17.  See also id at ¶¶ 15-16.  In fact, none of the dates that Plaintiffs allege in the Complaint save Count One from being dismissed as untimely under the FCPA's one-year statute of limitations.  Accordingly, this Court should dismiss with prejudice Count One.

### B. Count One Fails As A Matter Of Law Because There Is No Private Right Of Action For A Violation Of 15 U.S.C. § 1681s-2(a) Of The FCRA

To the extent Count One is really meant to be an alleged violation of the FCRA, *see* Compl. at ¶¶ 20-21 and Prayer for Relief under § 1681n and 1681o, it still fails and must be dismissed as a matter of law.  Count One, while titled violation of FDCPA, purports to allege a violation of § 1681s-2(a) of the FCRA.  *Id*.  As there is no private right of action under § 1681s-2(a) of the FCRA, Plaintiffs' claim must be dismissed with prejudice.

The plain language of the FCRA, and a recent decision of the Second Circuit and other Circuit Courts of Appeals, plainly state that there is no private

right of action under § 1681s-2(a) of the FCRA.  *See* 15 U.S.C. § 1681s-2(c) ("[S]ections 1681n and 1681o of this title [granting private rights of action to consumers] do not apply to any violation of – (1) subsection (a) of this section, including any regulations issued thereunder . . . ."); *id*. at § 1681s-2(d) ("The provisions of law described in paragraphs (1) through (3) of subsection (c) of this section … shall be enforced exclusively … by the Federal agencies and officials and the State officials identified in section 1681s of this title."); *see also Longman v. Wachovia Bank, N.A*., 702 F.3d 148, 151 (2d Cir. 2012).

In *Longman*, plaintiff sued defendant Wachovia Bank for alleged willful noncompliance with the FCRA, claiming that the bank knew its statements to the credit reporting agencies were false, failed to correct them, and failed to perform a reasonable investigation after plaintiff notified the bank that its reporting was inaccurate.  *Id*. at 150.  The District Court granted summary judgment to Wachovia Bank on all claims, holding, *inter alia*, that there was no private right of action for violations of § 1681s-2(a).  *Id*.  Plaintiff appealed challenging the private right action ruling.

In a matter of first impression held that § 1681s-2(a) plainly restricts enforcement to federal and state authorities.  *Id*. at 151.  Because plaintiff's complaint only alleged violations of subsection (a), the Second Circuit affirmed the District Court's decision granting summary judgment to Wachovia Bank.  *Id*. at 152; *see also Sanders v. Mt. Am. Fed. Credit Union*, 689 F.3d 1138, 11147 (10th Cir. 2012) (no private right of action under 15 U.S.C. § 1681s-2(a)); *SimmsParris v. Countrywide Fin. Corp*., 652 F.3d 355, 358 (3d Cir. 2011) (same); *Chiang v. Verizon*

*New England, Inc.*, 595 F.3d 26, 35 (1st Cir. 2010) (same); *Gorman v. Wolfpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (same); *Saunders v. Branch Banking*, 526 F.3d 142, 149 (4th Cir. 2008) (same).

Here, like the plaintiff in Longman, Plaintiffs have only alleged violations of § 1681s-2(a) for alleged non-compliance with the FCRA. *See* Compl. at ¶¶ 20-21. Moreover, Plaintiffs' attempt to seek relief under § 1681n and § 1681o (*see* Compl. at Prayer for Relief) is misplaced since those sections, which grant a private right of action to consumers, do not apply to any violation of 15 U.S.C. 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c). Accordingly, Plaintiffs' claim in Count One alleging a violation of 15 U.S.C. § 1681s-2(a) should be dismissed with prejudice.

    C.  <u>Counts Two (CUTPA), Three (Defamation) And Four (Infliction of Emotional Distress) Fail As A Matter of Law Because They Are Preempted By The FCRA</u>

Even if Plaintiffs did somehow state a cause of action under the FCRA (which they do not), Plaintiffs' claims for violation of CUTPA (Count Two), defamation (Count Three) and infliction of emotional distress (Count Four) should be dismissed because they are predicated on the same alleged conduct as Plaintiffs' FCRA claim and are, therefore, preempted by the FCRA. *See, e.g.,* 15 U.S.C. § 1681(h)(e) (preempting "any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to … any person who furnishes information to a consumer reporting agency … except as to false information furnished with malice or willful intent to injury such consumer"); id. at § 1681t(b)(1)(F) (preempting state law claims "with respect to any subject matter regulated under … section 1681s-2"); *Macpherson v. JPMorgan Chase*

8

*Bank, N.A.*, 665 F.2d 45, 46-48 (2d Cir. 2011) (state law claims arising out of "allegations of false reporting," including defamation, are preempted by FCRA); *Premium Mtg. Corp. v. Equifax, Inc*., 583 F.3d 103, 105-07 (2d Cir. 2009) (same, including unfair competition and finding no distinction between statutory and common law claims for preemption purposes); *see also Ryder v. Wash. Mut. Bank*, 371 F. Supp. 2d 152, 154-55 (D. Conn. 2005) (CUTPA claims preempted by FCRA where based on same conduct). Because Counts Two, Three and Four are each preempted, these claims fail as a matter of law and must be dismissed with prejudice.

D. **Plaintiffs' Alleged CUTPA Violation in Count Two Is Legally Insufficient**

Plaintiffs improperly attempt to bring a CUTPA claim in Count Two that is legally deficient and improperly plead. Plaintiffs simply parrot the language of a CUTPA claim and overlook the fact that CUTPA does not regulate the conduct for which Plaintiffs complain and the fact that Plaintiffs are not consumers of credit reporting. Count Two of the Complaint should be dismissed.

CUTPA makes it unlawful to engage in "deceptive acts or practices in the conduct of any trade or commerce" which includes "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value …." Conn. Gen. Stat. § 42-110g(f). Here, Plaintiffs do not plausibly allege that Defendant engaged in any deceptive practices in the conduct of any trade or commerce involving advertising, or the sale, rent, lease or distribution of any property or services. Moreover, Plaintiffs

9

do not allege that they are consumers of credit reporting. Last, Plaintifs do not allege how they were allegedly harmed by the claimed erroneous credit reporting. Consequently, Count Two should be dismissed.

### E. Plaintiffs' Alleged Defamation Claim in Count Three Is Legally Insufficient

Plaintiffs' claimed defamation claim in Count Three fails to state a claim for which relief can be granted. In Count Three, Plaintiffs simply allege that Defendant's reporting of information that it knew to be incorrect defamed Plaintiffs for which they suffered an ascertainable loss. Compl. at Count Three, ¶¶ 20-21. Count Three of the Complaint is legally deficient and should be dismissed.

Under Connecticut law, "[a] defamatory statement is defined as a communication that tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. *Gambardella v. Apple Health Ctr., Inc.*, 291 Conn. 620, 627 (2009). "To establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." *Id*. at 627-28; *Rafalko v. Univ. of New Haven*, 129 Conn. App. 44, 53 (2011) (same).

Plaintiffs fail to allege a claim for defamation. First, Plaintiffs fail to allege that Defendant published a defamatory statement. A defamatory statement is defined as "a communication that tends to harm the reputation of another as to

10

lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Gambardella*, 291 Conn. at 627. Here, Plaintiffs have not alleged that the alleged erroneous reporting harmed their reputation in the community or deterred third person from associating or dealing with them. In this regard, Plaintiffs fail to satisfy the fifth element since they have not alleged that their reputation has suffered an injury. Accordingly, Count Three of the Complaint should be dismissed.

      F. **Plaintiff's Undefined Claim for "Infliction of Emotional Distress" in Count Four Is Legally Insufficient Regardless If Plead As A Claim For Intentional Infliction Of Emotional Distress Or Negligent Infliction of Emotional Distress**

Preliminarily, the Complaint is unclear whether Plaintiffs' "Infliction of Emotional Distress" (Count Four) sounds in intentional infliction of emotional distress or negligent infliction of emotional distress, or both. Plaintiffs simply allege that Defendant's reporting of information that it knew to be incorrect caused Plaintiffs' emotional distress. *See* Compl. at Count Four, ¶ 20. Plaintiffs' emotional distress claim is legally insufficient under either theory.

      1. **Plaintiffs' Purported Claim for Intentional Infliction Of Emotional Distress Is Legally Insufficient**

To the extent that Plaintiffs' purported state law cause of action for intentional infliction of emotional distress contained in the Fourth Count should also be dismissed because it fails as a matter of Connecticut law. A plaintiff's heavy burden in establishing a claim for intentional infliction of emotional distress pursuant to Connecticut state law is well established. Indeed, in order for a plaintiff to prevail on such a claim, he must establish four elements:

> **(1) [T]hat the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe . . . .**

*Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 443 (2002) (citing *Appleton v. Bd. of Educ.*, 254 Conn. 205, 210 (2000); *Petyan v. Ellis*, 200 Conn. 243, 253 (1986)).

"Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society . . . ." Carrol, 262 Conn. at 443 (citing *Petyan*, 200 Conn. at 254, n.5) (emphasis added). Courts have concluded that liability exists only "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. In other words, the case must be one in which "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!" *Id.* (citing 1 Restatement (Second) of Torts, § 46, comment (d), p. 73 (1965)). Therefore, "[c]onduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." *Id.* (citing *Mellaly v. Eastman Kodak Co.*, 597 A.2d 846 (Conn. Super. Ct. 1991); *Appleton*, 254 Conn. at 210-11; *see also Biro v. Hirsch*, 62 Conn. App. 11 (2000)) (noting that all four elements must be established in order for a plaintiff to prevail on his claim for intentional infliction of emotional distress) (citations omitted).

12

In *Carrol*, the plaintiff insured brought suit against his insurer for, *inter alia*, the insurer's alleged failure to conduct an adequate investigation regarding the cause of a fire. *Id*. at 437. The Connecticut Supreme Court held that although the insurer's conduct may have been questionable, the evidence was insufficient for a jury to reasonably conclude that its conduct was "extreme and outrageous," or "so atrocious as to trigger liability for *intentional* infliction of emotional distress." *Id.* at 444 (emphasis in original).

Similarly, in the case at bar, Plaintiffs' allegations do not rise to the level required to state a claim for intentional infliction of emotional distress as construed by the Connecticut Supreme Court. Here, Plaintiffs' allegations all stem from Defendant's claimed inaccurate furnishing of credit information to at least one third party. Put simply, the allegations in the Complaint are insufficient to make out a claim for intentional infliction of emotional distress. Even assuming Plaintiffs could sustain their allegations, which, Defendant respectfully submits they cannot, such claims are as a matter of law not of the kind or quality to cause an indifferent party to proclaim "outrageous!," as is required in order to prevail on a claim of intentional infliction of emotional distress. Accordingly, as Plaintiffs' Fourth Count fails to state a claim upon which relief may be granted, it should be dismissed.

### 2. Plaintiffs' Purported Claim for Negligent Infliction Of Emotional Distress Is Legally Insufficient

To the extent that Plaintiffs alleges a state law cause of action for negligent infliction of emotional distress contained in the Fourth Count, that claim also fails as a matter of Connecticut law. In order for a Plaintiff to recover on a claim for

negligent infliction of emotional distress the Plaintiff must establish "that the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress, the plaintiffs distress was foreseeable, the emotional distress was severe enough that it might result in illness or bodily harm, and finally, that the defendant's conduct was the cause of the plaintiffs stress." *Olson v. Bristol-Burlington Health District*, 87 Conn. App. 1, 5 (2005) (citing *Carrol,* 262 Conn. at 446). Courts have concluded "[i]n order to state a claim for negligent infliction of emotional distress, the plaintiff must plead that the actor should have foreseen that her behavior would likely cause harm of a specific nature, i.e., emotional distress likely to lead to illness or bodily harm." *Id.*

The Plaintiffs' Complaint is devoid of any allegations that Defendant realized that its conduct involved an unreasonable risk of causing emotional distress that might result in illness or bodily harm to the Plaintiffs.

Accordingly, as Plaintiffs' Fourth Count fails to state a claim upon which relief may be granted, it should be dismissed.

### G. Plaintiffs Have Suffered No Injury-In-Fact

Plaintiffs have not alleged a concrete injury which is an integral element of Article III standing. *Spokeo v. Robbins*, 136 S.Ct. 1540, 1549 (2016). Instead, Plaintiffs allege procedural violations of the FDCPA and/or FCRA without stating how they have been harmed. Unable to allege a concrete harm, Plaintiffs simply allege that Defendant's alleged reporting of information that it knew to be incorrect harmed Plaintiffs" for which they "suffered an ascertainable loss*."  See, e.g.,* Compl. at Count Three, ¶¶ 20-21; Count Four, ¶¶ 20-21.   Plaintiffs appear to

characterize their injuries as intangible harms for which standing is conferred. This contention, however, was expressly rejected in *Spokeo*, which made clear that while an intangible harm may constitute injury-in-fact, such a result is dependent on the history of the claim and the intent of Congress. *Id*. at 1549-50. In the context of the FCRA, however, a procedural violation does not confer standing because such a violation may result in no harm. *Id*. at 1550. As a consequence, a plaintiff must allege both a violation of the FCRA and a concrete harm. *Id*. Plaintiffs have not done so here. To do otherwise would violate the rule in *Spokeo* that a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Id*. at 1549. Accordingly, Plaintiffs' Complaint should be dismissed.

## V.     CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendant Salisbury Bank and Trust Company respectfully requests that this Court to grant its Motion to Dismiss in its entirety.

Respectfully submitted,

     /s/ Thomas C. Blatchley
Thomas C. Blatchley (Fed. Bar. #ct25892)
Joseph J. Blyskal (Fed. Bar. #ct28055)
Gordon & Rees Scully Mansukhani
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
Phone: (860) 494-7525
Fax: (860) 560-0185
Email: tblatchley@grsm.com
Email: jblyskal@grsm.com

*Attorneys for Defendant Salisbury Bank and Trust Company*

**CERTIFICATION OF SERVICE**

I hereby certify that on September 25, 2018, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

BY /s/ Thomas C. Blatchley